# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

No. 3:11-cv-00429-JGH

| | |
|---|---|
| **RICHARD ORTEGA,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | **REPLY TO PLAINTIFF'S** |
| v. ) | **OPPOSITION TO** |
| ) | **FEDERAL DEFENDANTS'** |
| **UNITED STATES IMMIGRATION** ) | **MOTION TO DISMISS** |
| **AND CUSTOMS ENFORCEMENT,** ) | **(electronically filed)** |
| et al., ) | |
| ) | |
| *Defendants.* ) | |

In Plaintiff Richard Ortega's opposition to the federal defendants' motion to dismiss, he asserts that the federal defendants "have provided no legal or factual basis to dismiss the *Bivens* claims against the unknown ICE employees." Plaintiff's Opp., ECF No. 20 at 1-2. Further, Ortega argues that Defendants Wong and Morton qualified immunity relates only to claims stemming from vicarious liability. These assertions are inaccurate, and the federal defendants file this reply to clarify their position.

**I.      The motion to dismiss validly asserts the defense of qualified immunity on behalf of the "unknown ICE employees."**

Initially, Ortega cannot plausibly argue that the federal defendants failed to assert the defense of qualified immunity on behalf of the "unknown ICE employees." The federal defendants expressly stated that the doctrine of qualified immunity insulates "the Unknown ICE Agents and Employees the complaint includes as defendants." ECF No. 17 at 4 n.2. The fact that the motion references the unknown ICE employees in a footnote – and does so with a

qualifier – does not discount the reference. Moreover, Ortega has not served the complaint on any such individuals, much less described their actions in sufficient detail to satisfy the Federal Rules' pleading requirements. Fed. R. Civ. P. 8. Regardless, the doctrine of qualified immunity would apply to any ICE agents or employees involved with the issuance of the detainer at issue here.

As the federal defendants asserted in their motion, the Sixth Circuit's "two-step inquiry" into qualified immunity includes determining "whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated" and "whether that right was clearly established." *Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 562 (6th Cir. 2011) (internal quotations omitted). Even with regard to the unknown ICE employees, Ortega fails to pass the *Heyne* test.

Ortega argues without support that ICE's issuance of the detainer in this case "amount[s] to an unreasonable search and seizure of Plaintiff within the meaning of the Fourth Amendment of the United States Constitution and represents a deprivation of liberty without due process of law under the meaning of Fifth Amendment of the United States Constitution." ECF No. 1 at ¶ 16. As the federal defendants noted in their motion, this argument ignores the fact that the ICE detainer here in no way violated Ortega's constitutional rights. The Sixth Circuit has held as much, finding even that a "detainer which adversely affects a prisoner's classification . . . does not activate a due process right." *Prieto v. Gluch*, 913 F.2d 1159, 1161 (6th Cir.).

Furthermore, the complaint expressly states that "it was Defendant Metro's longstanding policy to incarcerate any individual who currently has an ICE detainer on him or her" and, "as a result of the illegal detainer and detainment," Defendant Metro imprisoned Ortega "for four days

until he was finally released on March 22, 2011." ECF No. 1 at ¶¶ 14-15. On its face, the complaint fails to describe how any ICE employees – even unnamed, unknown, and unserved ICE employees – deprived Ortega of any constitutional right. *See Heyne*, 655 F.3d at 562. Consequently, the Court must dismiss the claims against the unnamed ICE employees. Fed. R. Civ. P. 12(b)(6).

II. **Defendants Morton and Wong do not rely solely on their positions as supervisory officials to form the basis for their qualified immunity defenses.**

Ortega recognizes that "that supervisory personnel cannot be sued in a *Bivens* action, or under 42 U.S.C. §1983, on a theory of *respondeat superior*." ECF No. 20 at 2. He therefore attempts to justify his claims against Defendants Morton and Wong by asserting that "allegations of encouragement, direction or acquiescence are still sufficient to establish liability against supervisory employees." *Id.* at 3.[1] Ortega clarifies, however, that "that federal supervisory officials are liable in *Bivens* claims when their own individual actions violate the Constitution." *Id.*[2]

But Ortega has conceded that neither Defendant Wong, nor Defendant Morton, violated the Constitution. As noted above, the complaint blames Ortega's detention on "Defendant Metro's longstanding policy to incarcerate any individual who currently has an ICE detainer on him or her" and specifies that Defendant Metro imprisoned Ortega "for four days until he was finally released on March 22, 2011." ECF No. 1 at ¶¶ 14-15. If, as the complaint expresses,

---

[1] Citing the following non-precedential cases: *Coffey v. Kentucky State Reformatory*, 2010 U.S. Dist. LEXIS 18630 (W.D.Ky. 2010); *McPherson v. Beckstrom*, 2011 U.S. Dist. LEXIS 632 (W.D. Ky. 2011); *Sedlak v. Sedlak*, 2012 U.S. Dist. LEXIS 4513 (N.D. Oh. 2012).

[2] Citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendant Metro's policy caused Ortega's detention, and Defendant Metro imprisoned Ortega, then Ortega cannot plausibly argue that Defendants Morton and Wong – or, additionally, the unknown ICE employees – deprived Ortega of any constitutional right.[3]  *See Heyne*, 655 F.3d at 562.  Absent a deprivation of a constitutional right, the Court necessarily must find that the doctrine of qualified immunity insulates Defendants Morton and Wong – and, similarly, the unknown ICE employees – from liability.  *Id.*  Ortega has therefore failed to state a claim upon which the Court can grant relief against Defendants Morton or Wong (or, for that matter, against the unknown ICE employees), and the Court must dismiss under Federal Rule of Civil Procedure 12(b)(6).

## **CONCLUSION**

The doctrine of qualified immunity insulates the federal defendants – both named and unnamed – from liability, because the complaint expresses that Defendant Metro (rather than the federal defendants) caused Ortega's detention.  Accordingly, Ortega has failed to state against *any* of the individual federal defendants a claim upon which the Court can grant the requested relief, and it must dismiss those claims under Federal Rule of Civil Procedure 12(b)(6).

---

[3] Ortega describes the ICE detainer as "illegal."  ECF No. 1 at 15.  This allegation has no bearing on the basis supporting federal defendants' motion to dismiss.  Indeed, even if ICE "illegal[ly]" issued the detainer, according to the complaint Ortega would have avoided detention if it had not been for Defendant Metro's policy.  *See also, Prieto*, 913 F.2d at 1163 (holding that a detainer does not purport to effect an individual's status as a sentenced offender, but merely notifies prison officials that the federal government will make a decision regarding potential deportation at some future date) (internal citation omitted).

Date:   March 9, 2012											Respectfully,

        TONY WEST
        Assistant Attorney General

        DAVID J. KLINE
        Director

        COLIN A. KISOR
        Deputy Director

        /s/ J. Max Weintraub
        J. MAX WEINTRAUB
        Senior Litigation Counsel
        United States Department of Justice
        Civil Division
        Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
        Washington, DC 20044
        202-305-7551
        Fax: 202-305-7000
        jacob.weintraub@usdoj.gov

        Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I CERTIFY that on March 9, 2012, I filed a true copy of Defendants' Motion for Leave to File a Reply to Plaintiff's Opposition to the Motion to Dismiss with the Clerk of the Court using the CM/ECF system which sent notification of such filing via e-mail to the registered individuals.

/s/   J. Max Weintraub
J. MAX WEINTRAUB
Senior Litigation Counsel
United States Department of Justice
Civil Division