**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**NO. 3:11-CV-00429-JGH**

| | |
|---|---|
| **RICHARD ORTEGA** ) | |
| ) | |
| *Plaintiff* ) | |
| v. ) | **FIRST AMENDED COMPLAINT** |
| ) | *"Electronically Filed"* |
| **UNITED STATES IMMIGRATION** ) | |
| **AND CUSTOMS ENFORCEMENT ("ICE")** ) | |
| **and** ) | |
| **JOHN MORTON, DIRECTOR OF** ) | |
| **UNITED STATES IMMIGRATION AND** ) | |
| **CUSTOMS ENFORCEMENT** ) | |
| **and** ) | |
| **RICHARD A. WONG, HEAD OF ICE** ) | |
| **CHICAGO FIELD OPERATIONS** ) | |
| **and** ) | |
| **UNKNOWN AGENTS AND EMPLOYEES** ) | |
| **IN THE EMPLOY OF U.S.** ) | |
| **IMMIGRATION AND CUSTOMS** ) | |
| **ENFORCEMENT** ) | |
| **and** ) | |
| **LOUISVILLE/JEFFERSON** ) | |
| **COUNTY METRO GOVERNMENT** ) | |
| **and** ) | |

| | |
|---|---|
| **MARK BOLTON, DIRECTOR** | ) |
| **LOUISVILLE/JEFFERSON COUNTY** | ) |
| **METRO CORRECTIONS** | ) |
| | ) |
| **and** | ) |
| | ) |
| **WILLIAM SKAGGS, OFFICER IN** | ) |
| **THE EMPLOY OF LOUISVILLE /** | ) |
| **JEFFERSON COUNTY METRO** | ) |
| **CORRECTIONS** | ) |
| <u>Serve</u>: William Skaggs | ) |
| Louisville Metro Corrections | ) |
| 400 S. Sixth Street | ) |
| Louisville, Kentucky 40202 | ) |
| | ) |
| **and** | ) |
| | ) |
| **LORI EPPLER, OFFICER IN** | ) |
| **THE EMPLOY OF LOUISVILLE/** | ) |
| **JEFFERSON COUNTY METRO** | ) |
| **CORRECTIONS** | ) |
| <u>Serve</u>: Lori Eppler | ) |
| Louisville Metro Corrections | ) |
| 400 S. Sixth Street | ) |
| Louisville, Kentucky 40202 | ) |
| | ) |
| *Defendants* | ) |

********************

Comes the Plaintiff, Richard Ortega, by and through counsel, and for his Complaint against the Defendants, United States Immigration and Customs Enforcement (hereinafter "ICE"), John Morton, in his individual capacity, Richard A. Wong, in his individual capacity, Unknown Agents and Employees in the employ of ICE, in their individual capacities, Louisville/Jefferson County Metro Government (hereinafter "ICE"), Mark Bolton, in his individual capacity, and Lori Eppler, Louisville Metro Corrections Officer, and William Skaggs, Louisville Metro Corrections Officer, in their individual capacities, states as follows:

2

## JURISDICTION

1.That this action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment of the United States, and under federal law, particularly Title 42 of the United States Code §1983 and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

2.That this Court possesses jurisdiction for this case under the provisions of Title 28 of the United States Code, §1331 and §1343.

3.That the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

4.That the Plaintiff, Richard Ortega, is, and at all times relevant hereto has been, a resident of Louisville, Jefferson County, Kentucky and a third generation, natural-born citizen of the United States.

5.That the Defendant, United States Immigration and Customs Enforcement ("ICE"), is a federal agency existing within the United States of America, located in Washington D.C.; ICE has the capacity to sue and be sued; and, at all times pertinent hereto, ICE has issued policies, operated the Chicago ICE Field Office and employed the Unknown Defendant ICE agents and employees.

6.That Defendant John Morton, is and was, at all relevant times hereto, the Director of ICE and responsible for the implementation of ICE policies. Defendant Morton is being sued in his individual capacity.

7.That Defendant Richard Wong, is and was, at all relevant times hereto, the Director of ICE Field Office in Chicago, Illinois, which had jurisdiction of all ICE investigation

operations in the Commonwealth of Kentucky. Defendant Wong is being sued in his individual capacity.

8.      That the Unknown Defendants, ICE Agents and Employees, upon information and belief, are, and at all times relevant hereto have been employed by ICE as agents, field officers, and employees.  That at all times pertinent hereto Unknown Defendants were acting in such capacity under the color of federal law, within the course and scope of their employment, and as agents, servants, and/or employees of ICE.  The Unknown Defendants are each sued herein in their individual capacities.

9.      That the Defendant, Louisville/Jefferson County Metro Government ("Louisville Metro"), is an urban county government existing within the Commonwealth of Kentucky, located in Jefferson County, Kentucky; Louisville Metro has the capacity to sue and be sued; and, at all times pertinent hereto, Louisville Metro has operated the Louisville Metro Corrections, and employed the Unknown Defendants, Louisville Metro Corrections officers.

10.     That the Defendant, Mark Bolton, upon information and belief, is, and at all times relevant hereto have been, a resident of Jefferson County, Kentucky.  That, at all times relevant hereto, Mark Bolton has been employed by Louisville Metro Department of Corrections as its Director.  Bolton is sued herein in his individual capacity.

11.     That the Defendants, Lori Eppler and William Skaggs, Louisville Metro Department of Corrections Officers, upon information and belief, are, and at all times relevant hereto have been, residents of Jefferson County, Kentucky.  That, at all times relevant hereto, Defendants Eppler and Skaggs have been employed by Louisville Metro Department of Corrections as corrections officers.  That at all times pertinent hereto Lori Eppler and William Skaggs were acting in such capacity under the color of state law, within the course and scope of

their employment, and as agents, servants, and/or employees of Louisville Metro. Lori Eppler and William Skaggs are each sued herein in their individual capacities.

## FACTS

12.     That on or about March 19, 2011, in Louisville, Jefferson County, Kentucky, Plaintiff Ortega, while serving a sentence of home incarceration for Driving Under the Influence, First Offense, was detained by Lori Eppler and William Skaggs, employees of Metro Corrections, acting in the course and scope of their employment by Louisville Metro Department of Corrections, and under the color of state law, based upon an ICE detainer for being an illegal alien. Although proof of Plaintiff's American citizenship was readily available at the time of the seizure, Metro Corrections officers and employees failed to ever investigate or question Plaintiff's citizenship.

13.     That the detainer was placed on Plaintiff Ortega by Defendant Unknown ICE Agents and Employees improperly as a result of another illegal alien having a similar, but not identical, name and birth date as Plaintiff. Defendant Unknown ICE Agents and Employees knew that the names and dates of birth did not match at the time, but placed the detainer on Plaintiff regardless.

14.     That Defendant Bolton has acknowledged that it was Defendant Metro's long-standing policy to incarcerate any individual who currently has an ICE detainer on him or her.

15.     That, as a result of the illegal detainer and detainment, Plaintiff was forced to remain imprisoned in Louisville Metro Corrections for four days until he was finally released on March 22, 2011.

## COUNT ONE

## *BIVENS* CLAIM

16.     That the actions of Unknown Defendant ICE Agents and Employees, in issuing a detainer on Plaintiff under the circumstances known to these individuals while acting under the color of federal law, amount to an unreasonable search and seizure of Plaintiff within the meaning of the Fourth Amendment of the United States Constitution and represents a deprivation of liberty without due process of law under the meaning of Fifth Amendment of the United States Constitution. The Defendant ICE employees placed a detainer on Plaintiff, thereby causing an unreasonable seizure of his person and a restraint of his liberty, when these Defendants knew or should have known that Plaintiff was a lawful American citizen and thus the ICE detainer was unlawful. The Defendant ICE Agents and Employees knew, at the time in which the detainer was placed, that there was no reasonable basis to detain Plaintiff and that the Defendants did so merely because an actual illegal immigrant had a similar, but not identical, name and date of birth. The acts of the Defendant ICE Agents and Employees were not objectively reasonable under the circumstances.

17.     That Defendant ICE, through its agents and employees, including Defendant Morton and Defendant Wong, knew of, or reasonably should have known of or expected, such conduct from its agents and employees and failed to adequately train, supervise and/or discipline the Unknown ICE Defendants in their behavior and conduct directed towards Plaintiff such that the failure to train and/or supervise amounted to deliberate indifference to the rights of Plaintiff.

18.     That Defendant ICE, through its agents and employees, Defendant Morton and Defendant Wong failed to have, in force and effect, proper hiring, training, and supervision policies and procedures, with regard to the proper methods of issuance of detainers to prevent or

6

decrease the possibility that American citizens of Hispanic descent would be illegally and unreasonably detained as a result of mistaken identity.

19.     That Defendant ICE, through its agents and employees, including Defendant Morton and Defendant Wong, gave personal direction to the Defendant Unknown ICE Agents and Employees in the issuance of detainers and that this personal direction resulted in the unconstitutional seizure of Plaintiff, and Defendants ICE, Morton, and Wong had actual knowledge that ICE employees were placing detainers on those American citizens who had similar identifying information as illegal aliens and tolerated and acquiesced to these unconstitutional activities through their inaction.

20.     That Defendant ICE, through its agents and employees, including Defendant Morton and Defendant Wong, implemented ICE policies which created unreasonable risk of a constitutional violation on the part of their subordinates and further failed to change these unconstitutional policies or employ corrective practices to reduce or eliminate the risk that American citizens of Hispanic descent, such as Plaintiff, would be unlawfully detained for no valid reason.

21.     That Defendants ICE, through its agents and employees, including Defendant Morton and Defendant Wong, are responsible for the actions of Unknown Defendant ICE Agents and Employees because the aforementioned constitutionally offensive and negligent hiring, supervision, disciplining, and training of its officers, personal direction, and actual knowledge, acquiescence and tolerance of unconstitutional practices amount to an execution and/or implementation of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Defendants.  That the aforementioned constitutionally offensive and negligent actions by Defendants ICE, Morton and Wong were inadequate to the tasks that the

ICE agents and employees must perform and Defendants' deliberate indifference and inadequacy in the present scenario was "closely related to" and/or "actually caused" Plaintiff's injuries.

22. That the claims set forth in this Count against Unknown Defendant ICE Agents and Employees, Defendant Morton and Defendant Wong are asserted against the Defendants each in their individual capacities.

23. That, as a direct and proximate result of the aforementioned unconstitutional actions of the Defendants, Plaintiff has sustained severe mental and physical injuries, pain and suffering and lost wages.

## COUNT TWO
## *42 USC §1983* CLAIM

24. That the Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in paragraphs 1-23 of this Verified Complaint.

25. That the aforementioned conduct of Metro Corrections Officers, Defendant Eppler and Defendant Skaggs, amounts to the unreasonable seizure of Plaintiff within the meaning of the Fourth Amendment of the United States Constitution, cruel and unusual punishment within the meaning of the Eighth Amendment, and deprivation of Plaintiff's liberty without due process and a failure to provide equal protections of the laws to American citizens of Hispanic descent within the meaning of the Fourteenth Amendment, and the Civil Right Act, Title 42 of the United States Code §1983. The actions of the Metro Corrections Officers, Defendant Eppler and Defendant Skaggs, were without just and legal cause, were cruel and unusual, and discriminatory in their intent and effect, thereby violating Plaintiff's rights under the Constitution and Laws of the United States, as enumerated above, as well as his rights under the Constitution of the

Commonwealth of Kentucky. The acts of Defendants Eppler and Skaggs were not objectively reasonable under the circumstances.

26. That Defendant Metro, through its agents and employees, including Defendant Bolton, knew of, or reasonably should have known of or expected, such conduct from its officers and employees and failed to adequately train, supervise and/or discipline Defendants Eppler and Skaggs in their behavior and conduct directed towards Plaintiff such that the failure to train and/or supervise amounted to deliberate indifference to the rights of Plaintiff.

27. That Defendant Metro, through its agents and employees, including Defendant Bolton, failed to have, in force and effect, proper hiring, training, and supervision policies and procedures, with regard to the proper methods of enforcing and serving detainers to prevent or decrease the possibility that American citizens of Hispanic descent would be illegally and unreasonably detained as a result of mistaken identity.

28. That Defendant Metro, through its agents and employees, including Defendant Bolton, gave personal direction to Defendants Eppler and Skaggs in the service of detainers and that this personal direction resulted in the unconstitutional seizure of Plaintiff, and Defendants Metro and Bolton had actual knowledge that Metro employees were enforcing detainers without attempting to verify citizenship or otherwise attempting to insure that American citizens of Hispanic descent would not be unconstitutionally seized, and Defendants Metro and Bolton tolerated and acquiesced to these unconstitutional activities through their inaction.

29. That Defendant Metro, through its agents and employees, including Defendant Bolton, implemented Metro policies which created unreasonable risk of a constitutional violation on the part of their subordinates and further failed to change these unconstitutional policies or

employ corrective practices to reduce or eliminate the risk that American citizens of Hispanic descent, such as Plaintiff, would be unlawfully detained for no valid reason.

30.     That Defendant Metro, through its agents and employees, including Defendant Bolton, are responsible for the actions of Defendants Eppler and Skaggs because the aforementioned constitutionally offensive and negligent hiring, supervision, disciplining, and training of its officers, personal direction, and actual knowledge, acquiescence and tolerance of unconstitutional practices amount to an execution and/or implementation of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Defendants.  That the aforementioned constitutionally offensive and negligent actions by Defendants Metro and Bolton were inadequate to the tasks that the Metro Officers and employees must perform and Defendants' deliberate indifference and inadequacy in the present scenario was "closely related to" and/or "actually caused" Plaintiff's injuries.

31.     That the claims set forth in this Count against Defendant Eppler, Defendant Skaggs, and Defendant Bolton are asserted against the Defendants each in their individual capacities.

32.     That, as a direct and proximate result of the aforementioned unconstitutional actions of the Defendants, Plaintiff has sustained severe physical and mental injuries, pain and suffering and lost wages.

## COUNT THREE
## PUNITIVE DAMAGES

33.     That the Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in paragraphs 1-32 of this Verified Complaint.

34. That the aforementioned conduct of the Defendants was negligent, grossly negligent, malicious, oppressive, and/or fraudulent, and that Plaintiff is entitled to punitive damages from these Defendants.

WHEREFORE, the Plaintiff prays for judgment from the Defendants, jointly and severally, as follows:

1. Compensatory damages in the sum of $1,000,000.00;

2. Punitive damages in the sum of $500,000.00;

3. Medical Expenses, past and future;

4. Trial by jury on any and all issues so triable;

5. For his costs herein expended, including a reasonable attorney's fees; and

6. For any and all other relief to which he may otherwise be properly entitled.

Respectfully Submitted By,

JAMES M. BOLUS, JR. PSC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 (facsimile)
bo@boluslaw.com

MICHAEL A. AUGUSTUS, PSC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 (facsimile)
mike@boluslaw.com

Khalid A. Kahloon
KAHLOON PASIC, PLLC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 261-7200
(502) 882-5618 (facsimile)
kahloon@msn.com


/s/ Michael A. Augustus

Respectfully Submitted By,

JAMES M. BOLUS, JR. PSC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 (facsimile)
bo@boluslaw.com

MICHAEL A. AUGUSTUS, PSC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 (facsimile)
mike@boluslaw.com

Khalid A. Kahloon
KAHLOON PASIC, PLLC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 261-7200
(502) 882-5618 (facsimile)
kahloon@msn.com


/s/ Michael A. Augustus

## CERTIFICATE OF SERVICE

This will certify that on March 13, 2012, I electronically filed the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT** with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Stephen P. Durham
Assistant County Attorney
Fiscal Court Building
531 Court Place, Suite 900
Louisville, Kentucky 40202
(502) 574-3225
steve.durham@louisvilleky.gov
*Counsel for Defendants Louisville Jefferson County Metro Government and Mark E. Bolton*

J. Max Weintraub
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 305-7000
jacob.weintraub@usdoj.gov
*Counsel for Defendants United States Immigration and Customs Enforcement, John Morton, and Richard Wong*

By: /s/ Michael A. Augustus

13