**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**No. 3:11-cv-00429-JGH**

| | |
|---|---|
| **RICHARD ORTEGA,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | **FEDERAL DEFENDANTS'** |
| v. ) | **REPLY TO PLAINTIFF'S** |
| ) | **RESPONSE TO** |
| ) | **FEDERAL DEFENDANTS'** |
| **UNITED STATES IMMIGRATION** ) | **MOTION TO DISMISS** |
| **AND CUSTOMS ENFORCEMENT,** ) | **(electronically filed)** |
| *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

On July 26, 2012, the federal defendants moved to dismiss the second amended complaint ("SAC") alleging that Defendants, including the federal defendants, unlawfully detained Plaintiff Richard Ortega (or unlawfully caused Ortega to be detained by issuing an ICE detainer for being a removable alien) in Louisville Metro Corrections ("Metro Corrections") for four days, until he was finally released on March 22, 2011. The Court previously granted a motion to dismiss the claims against all federal defendants other than John T. Cloyd, Agent in the Employ of U.S. Immigrations and Customs Enforcement, who was not identified in the original complaint. The second motion to dismiss, citing Federal Rule of Civil Procedure 12(b)(6), asserts that the SAC fails to assert a valid *Bivens* claims against Agent Cloyd.

The SAC claims Agent Cloyd violated Ortega's Fifth Amendment rights by causing his imprisonment "without due process of law and without equal protection under the law" ECF No. 44 at 4. Plaintiff further argues in his opposition to Federal Defendants' motion to dismiss that

his "procedural due process were violated when he was incarcerated by Metro Defendants as a result of the invalid detainer placed on him by Defendant Cloyd." *Id.* at 5. These arguments, however, rest on the faulty premise that his transfer from home detention to detention at Metro Corrections constitutes "imprisonment" or "incarceration."

Plaintiff concedes that he entered a plea of guilty and was convicted in Jefferson County District Court of Driving under the Influence, First Offense, and that District Judge Donald Armstrong entered an "Agreed Order for Home Incarceration" sentencing Ortega immediately to 11 days of home incarceration. ECF No. 37 at 1. Based on this concession, Plaintiff cannot plausibly argue that he was not already "imprisoned" or "incarcerated" before Agent Cloyd issued the detainer. *See, e.g., U.S. v. Lewis*, 498 F.3d 393, 398 (6th Cir. 2007) (finding that "home detention" is "incarceration" or "imprisonment"). At best, Plaintiff's concessions indicate that the location or condition of his incarceration or imprisonment changed as a result of the issuance of the ICE detainer, but not that the ICE detainer was the cause of his imprisonment or incarceration.

Plaintiff's putative Fourth Amendment violation similarly fails. See ECF No. 44 at 6-7. Ortega cannot plausibly argue that his transfer from home detention to detention at the Metro Corrections facility amounts to an additional "seizure," when his status – imprisoned or incarcerated – remained unchanged. *Lewis*, 498 F.3d at 398.[1] Similarly, Ortega's arguments seem to rely on some putative, imagined constitutional "right" to home detention. No such right

---

[1] *See also DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 200 (1989) ("In the substantive due process analysis, it is the [Government's] affirmative act of restraining the individual's freedom to act on his own behalf – through incarceration, institutionalization, or other similar restraint of personal liberty – which is the 'deprivation of liberty' triggering the protections of the Due Process Clause[.]"). As *Lewis* establishes, Ortega was incarcerated – albeit in home confinement – prior to the issuance of the immigration detainer. Under the *DeShaney* analysis, therefore, Ortega cannot succeed on any due process claims against the federal defendants.

exists – rather, the question of detention at home or in a correctional facility remains a discretionary decision. *See, U.S. v. Butler*, 297 F.3d 505, 517 (6th Cir. 2002) (noting that courts have "the discretion to sentence certain defendants either to a term of imprisonment or to a 'split' term of imprisonment and community confinement or home detention"). This Court should not find that transfer from home detention to confinement in Metro Connections – following Ortega's conceded conviction – unconstitutionally deprived him of any liberty interest. *See, Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("[G]iven a valid conviction, the criminal defendant has been *constitutionally* deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution . . . The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.") (emphasis added).

Plaintiff's claim of a constitutional violation relies on his argument that the ICE detainer caused his imprisonment or incarceration, but – under Sixth Circuit precedent, as explained in *Lewis* – it is clear that Plaintiff was incarcerated or imprisoned before Agent Cloyd issued the detainer. Accordingly, this Court must find that Ortega has failed to meet his burden as a Plaintiff alleging a *Bivens* claim to show that Agent Cloyd violated his constitutional rights. *Jones v. City of Memphis, Tenn.*, 586 F.2d 622, 625 (6th Cir. 1978).[2] The Court, therefore, must

---

[2] Plaintiff attempts to re-craft Federal Defendants' argument as one focusing on "causation," and he cites the Court's previous order for the principle that the ICE detainer operated as the "proximate cause" of Ortega's detention. *See, generally*, ECF No. 44. This argument misstates Federal Defendants' position. Federal Defendants argue that the ICE detainer could not have caused the incarceration or imprisonment because, first, Ortega was already imprisoned or incarcerated before ICE issued the detainer. *Lewis*, 498 F.3d at 398. Additionally, Federal Defendants argue that, as the Sixth Circuit has held, a detainer "does not activate a due process right." *Prieto v. Gluch*, 913 F.2d 1159, 1161 (6th Cir. 1990).

dismiss Ortega's *Bivens* claim under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which the Court can grant the requested relief.

Plaintiff further attempts to define his putative constitutional rights as being "clearly established." ECF No. 44 at 8-9. He posits that "the relevant inquiry is whether a reasonable person would have known that Mr. Ortega had a constitutional right to be free from detainment, resulting in incarceration at Metro Corrections, on suspicion of being an illegal alien when he in fact was a U.S. citizen." *Id.* at 8. This argument, however, fails to acknowledge that there is no constitutional right to home detention. *See, e.g.*, *Butler*, 297 F.3d at 517; *Fano*, 427 U.S. at 224.

Because Ortega cannot demonstrate that Agent Cloyd violated any of Plaintiffs' constitutional rights, Federal Rule of Civil Procedure 12(b)(6) mandates that the Court must grant Federal Defendants' motion and dismiss the claims against them.

Date:   September 6, 2012                    Respectfully,

STUART F. DELERY
Assistant Attorney General

DAVID J. KLINE
Director

COLIN A. KISOR
Deputy Director
/s/ J. Max Weintraub
J. MAX WEINTRAUB
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
202-305-7551
Fax: 202-305-7000
jacob.weintraub@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

     I CERTIFY that on September 6, 2012, I filed a true copy of Federal Defendants' Reply to Plaintiff's Response to Federal Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system which sent notification of such filing via e-mail to the registered individuals.

                           /s/ J. Max Weintraub
                           J. MAX WEINTRAUB
                           Senior Litigation Counsel
                           United States Department of Justice
                           Civil Division